UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DONNA TENCZA**, Individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **AMERICAN AIRLINES, INC.**, | |
| Defendant. | **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

**ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff—Donna Tencza—brings this action individually and on behalf of all current and former hourly customer service agents (collectively, "Plaintiff and the Putative Collective/Class Members"), and who worked for Defendant—American Airlines, Inc. ("American Airlines")—anywhere in the United States, at any time from during the relevant time periods, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid straight time wages pursuant to Tennessee common law.

**I.
OVERVIEW**

1.   This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, and a class action pursuant to the state laws of Tennessee under FED. R. CIV. P. 23, to recover unpaid straight time wages and other applicable penalties.

2.   Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for American Airlines at any time during the relevant time periods, through the

final disposition of this matter, and have not been paid for all hours worked, nor the correct amount of overtime in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time periods, American Airlines knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek, and the proper amount of overtime on a routine and regular basis.

6. Specifically, American Airlines' regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' daily time even though they regularly performed (and continue to perform) compensable work "off the clock" through their respective meal-period breaks.

7. American Airlines also employs an improper and non-neutral time rounding policy that, over time, fails to compensate the Plaintiff and Putative Collective/Class Members for all the time they have actually worked—including overtime hours.

8. The effect of American Airlines' practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, American Airlines has failed to properly compensate Plaintiff and the Putative Collective/Class

Members for all hours worked, and has failed to properly compensate them the proper amount of overtime under the FLSA and Tennessee state law.

9. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Tennessee state law.

10. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and other damages owed under Tennessee common law as a class action pursuant to FED. R. CIV. P. 23.

11. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiff also prays that the Rule 23 class be certified as defined herein, with Plaintiff Tencza designated as the Class Representative of the Tennessee Class.

## II.
## THE PARTIES

13. Plaintiff—Donna Tencza ("Tencza")—was employed by American Airlines in Tennessee during the relevant time periods. Plaintiff Tencza did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

14. The FLSA Collective Members are those current and former hourly customer service agents who were employed by American Airlines at any time from January 30, 2032, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Tencza worked and was paid.

---

[1] The written consent of Donna Tencza is attached hereto as Exhibit "A."

15. The Tennessee Class Members are those current and former hourly customer service agents who were employed by American Airlines in Tennessee, at any time from January 30, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Tencza worked and was paid.

16. Defendant American Airlines, Inc. is a foreign for-profit corporation, licensed to and doing business in the State of Texas, and may be served through its registered agent for service of process: **Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.**

## III.
## JURISDICTION & VENUE

17. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

18. This Court has supplemental jurisdiction over the additional Tennessee state law claims pursuant to 28 U.S.C. § 1367.

19. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

20. This Court has general and specific personal jurisdiction over American Airlines because Texas qualifies as its home state.

21. Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, American Airlines headquarters are located in Fort Worth, Texas, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

23. Defendant American Airlines is one of the largest commercial airline companies in the United States.[2]

24. To provide its services, American Airlines employed (and continues to employ) numerous hourly customer service agents—including Plaintiff and the individuals that make up the putative collective and class.

25. Plaintiff and the Putative Collective/Class Members were (and are) employed by American Airlines as non-exempt, customer service agents who had (and continue to have) a meal break automatically deducted from their daily time and have their clock in and clock out times rounded.

26. Plaintiff and the Putative Collective/Class Members' job titles include (but are not limited to): Customer Service Agent, Gate Agent, and Ticket Agent.

27. Plaintiff and the Putative Collective/Class Members' job duties include assisting customers with purchases, assisting customers with general inquiries, assisting customers with boarding and deboarding flights, and assisting customers with finding flights.

28. While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work throughout American Airlines' facilities.

29. Importantly, none of the FLSA exemptions relieving a covered employer (such as American Airlines) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

30. Plaintiff Tencza was employed by American Airlines in Nashville, Tennessee as a Customer Service Agent from approximately 1995 until January 2025.

---

[2] https://www.aa.com/i18n/customer-service/about-us/history-of-american-airlines.jsp.

31. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties.

32. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure.

33. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of American Airlines resulting in the complained of FLSA and Tennessee state law violations.

34. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties—specifically, in that they all provide customer assistance on behalf of American Airlines.

35. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure—specifically, in that they are all paid on an hourly basis, have at least a 30-minute meal break deducted automatically from their daily time, and have their clock in and clock out times rounded.

36. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of American Airlines resulting in the complained of FLSA and Tennessee state law violations.

37. Plaintiff and the Putative Collective/Class Members were typically scheduled to work five (5) 8-hour shifts a week, which equates to forty (40) hours per week—these are referred to as "on-the-clock" hours.

### Unpaid Meal Breaks

38. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective/Class Members regularly worked between one-half (.5) to two and one-half (2.5) hours "off-the-clock" per week and have not been compensated for that time.

39. American Airlines has a policy (and practice) to automatically deduct a 30-minute meal periods from Plaintiff and the Putative Collective/Class Members' daily time regardless of whether they perform compensable work during such "breaks."

40. Specifically, non-exempt employees, such as Plaintiff and the Putative Collective/Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked each shift.

41. Despite automatically deducting thirty (30) minutes of time from Plaintiff and the Putative Collective/Class Members' daily time, American Airlines does not completely relieve Plaintiff and the Putative Collective/Class Members from duty during their shift for the purposes of taking their meal break(s).

42. American Airlines' policies require Plaintiff and the Putative Collective/Class Members to assist customers whenever a customer requests or needs assistance, even if on an unpaid meal break.

43. While on their unpaid break time, Plaintiff and the Putative Collective/Class Members are frequently stopped by customers for help when they are walking to their break room.

44. Plaintiff and the Putative Collective/Class Members are prohibited from ignoring customers in need of assistance pursuant to American Airlines' policies.

45. Plaintiff and the Putative Collective/Class Members are required to perform duties, whether active or inactive, during all hours of their shift.

46. Due to these requirements, Plaintiff and the Putative Collective/Class Members are frequently unable to receive sufficient time to have an uninterrupted meal break due to their constant customers' requests for assistance.

47. American Airlines was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and Tennessee state law.

48. Specifically, Plaintiff and the Putative Collective/Class Members alerted their American Airlines managers that they are frequently unable to take a full undisturbed thirty-minute meal break.

49. Although managers are supposed to reverse unpaid break deductions when the Plaintiff and the Putative Collective/Class Members alert them that they were unable to take a break, managers frequently deny such requests.

50. Plaintiff Tencza frequently informed her manager of shifts in which she was unable to take a break due to customers' needs. Instead of reversing the meal beak however, Plaintiff Tencza's manager would deny the requests and tell Plaintiff Tencza to manage her time more efficiently.

51. American Airlines' systematic deduction of thirty (30) minutes each day from Plaintiff and the Putative Collective/Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Tennessee state law.

52. Specifically, when Plaintiff and Putative Collective/Class Members worked four (4) eight-hour shifts in a week and did not receive a meal break during any shift, American Airlines' deduction resulted in Plaintiff and the Putative Collective/Class Members not being paid for two hours (2) of compensable straight time work.

53. When Plaintiff and the Putative Collective/Class Members worked five (5) eight-hour shifts in a week and did not receive a meal break during any shift, American Airlines' deduction

resulted in Plaintiff and the Putative Collective/Class Members not being paid for two and one-half (2.5) hours of compensable overtime work.

## Improper Non-Neutral Rounding Policy

54. American Airlines also employs a policy that rounds Plaintiff and the Putative Collective/Class Members' clock in and clock out times to a fifteen-minute increment that favors American Airlines.

55. For example, when a Putative Collective/Class Member clocks in at 1:08 p.m., American Airlines rounds their time up to 1:15 p.m., resulting in that Putative Collective/Class Member not being paid for the seven (7) minutes of work performed from 1:08 p.m. to 1:15 p.m.

56. To be valid, rounding policies must ensure that, over a period of time, an employee is fully compensated "for all the time they have actually worked." 29 C.F.R. 785.48. T

57. American Airlines' rounding policy is not neutral on its face or in its application because Plaintiff and the Putative Collective/Class Members are told to clock in and clock out during times that are rounded off and they are subject to discipline should they clock in or out during a time that would benefit them.

58. As a result, Plaintiff and the Putative Collective/Class Members clock in and out during time periods that round against them and benefit American Airlines.

59. Specifically, American Airlines advises employees to clock in up to seven (7) minutes prior to their shift start time (which rounds against them).

60. American Airlines also advises employees to clock out within seven (7) minutes after their shift end time (which also rounds against them).

61. American Airlines' policy is a facially non-neutral rounding policy. Employees are encouraged to clock in and out during times in which their work is rounded against them, thereby benefitting American Airlines.

62. American Airlines' rounding policy is not neutral on its face or in its application and resulted in the failure to compensate Plaintiff and the Putative Collective/Class Members for all compensable overtime hours.

63. As a result of American Airlines' failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and the Tennessee state law.

64. American Airlines knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

65. American Airlines knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

66. Because American Airlines did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, American Airlines' pay policies and practices willfully violated (and continue to violate) the FLSA.

67. Because American Airlines did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, American Airlines' pay policies and practices violated (and continue to violate) Tennessee state law.

68. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to Tennessee state law.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

69.     The preceding paragraphs are incorporated as though fully set forth herein.

70.     The "FLSA Collective" is defined as:

**ALL HOURLY CUSTOMER SERVICE AGENTS WHO WORKED FOR AMERICAN AIRLINES, INC., AT ANY TIME FROM JANUARY 30, 2023 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

71.     At all material times, American Airlines has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

72.     At all material times, American Airlines has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

73.     At all material times, American Airlines has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of an airline and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

74.     Specifically, American Airlines operates numerous airline facilities in Texas, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

75. During the respective periods of Plaintiff and the FLSA Collective Members' employment by American Airlines, these individuals provided services for American Airlines that involved interstate commerce for purposes of the FLSA.

76. In performing work for American Airlines, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

77. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted American Airlines' customers and employees throughout the United States. 29 U.S.C. § 203(j).

78. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

79. The proposed class of similarly situated employees—that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 70.

80. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of American Airlines.

### B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

81. American Airlines violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of an airline, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

82. Moreover, American Airlines knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

83. American Airlines knew or should have known its pay practices were in violation of the FLSA.

84. American Airlines is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

85. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted American Airlines to pay them according to the law.

86. The decision and practice by American Airlines to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was not reasonable nor in good faith.

87. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

88. All previous paragraphs are incorporated as though fully set forth herein.

89. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of American Airlines' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

90. Other similarly situated employees of American Airlines have been victimized by American Airlines' patterns, practices, and policies, which are in willful violation of the FLSA.

91. The FLSA Collective Members are defined in Paragraph 70.

92. American Airlines' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of American Airlines and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

93. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

94. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

95. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

96. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

97. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and American Airlines will retain the proceeds of their violations.

98. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

99. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 70.

## COUNT TWO
### (Class Action Alleging Violations of the Tennessee Common Law)

**A.     VIOLATIONS OF TENNESSEE COMMON LAW**

100. The preceding paragraphs are incorporated as though fully set forth herein.

101. Plaintiff Tencza further brings this action pursuant to the equitable theory of *quantum meruit*. *See Cannon v. Citicorp Credit Servs., Inc., (USA)*, No. 2:12-CV-88, 2014 WL 1267279, at *5 (E.D. Tenn. Mar. 26, 2014); *Carter v. Jackson-Madison Cty. Hosp. Dist.*, No. 110CV01155JDBEGB, 2011 WL 13238697, at *4 (W.D. Tenn. Dec. 13, 2011) (citing *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524–25 (Tenn. 2005); *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998); *PascFagan's, Inc. v. Dozier*, 407 S.W.2d 150, 154 (Tenn. 1966)).

102. The "Tennessee Class" is defined as:

**ALL HOURLY CUSTOMER SERVICE AGENTS WHO WORKED FOR AMERICAN AIRLINES, INC., IN THE STATE OF TENNESSEE AT ANY TIME FROM JANUARY 30, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Tennessee Class" or "Tennessee Class Members").**

103. The Tennessee Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of American Airlines.

104. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA and are therefore not preempted by the FLSA. *See Cannon v. Citicorp Credit Servs., Inc., (USA)*, No. 2:12-CV-88, 2014 WL 1267279, at *5 (E.D. Tenn. Mar. 26, 2014) (citing *Woodall v. DSI Renal, Inc.*, No. 11–2590, 2012 WL 1038626, at *3–6 (W.D. Tenn. Mar. 27, 2012); *Carter v. Jackson-Madison Cty. Hosp. Dist.*, No. 1:10-CV-01155-JDB, 2011 WL 1256625, at *11 (W.D. Tenn. Mar. 31, 2011)). Plaintiff seeks no relief under state law, for himself or others, that is available under the FLSA.

105. Plaintiff Tencza and the Tennessee Class Members provided valuable services—their labor during their unpaid meal breaks and rounded rime—to American Airlines, at American Airlines' direction and with American Airlines' acquiescence.

106. American Airlines accepted Plaintiff Tencza and the Tennessee Class Members' services and benefited from their timely dedication to American Airlines' customers during their unpaid work time.

107. American Airlines was (and continues to be) aware that Plaintiff Tencza and the Tennessee Class Members expected to be compensated for all hours worked.

108. American Airlines has therefore benefited from services rendered by Plaintiff Tencza and the Tennessee Class Members during their unpaid meal breaks, and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

109. Accordingly, the Tennessee Class should be certified as defined in Paragraph 102.

**B.   TENNESSEE CLASS ALLEGATIONS**

110. Plaintiff Tencza and the Tennessee Class Members bring their Tennessee common law claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by American Airlines to work in Tennessee since January 30, 2020.

111. Class action treatment of Plaintiff Tencza and the Tennessee Class Members' claims is appropriate because all of Rule 23's class action requisites are satisfied.

112. The number of Tennessee Class Members is so numerous that joinder of all class members is impracticable.

113. Plaintiff Tencza's Tennessee state-law claims share common questions of law and fact with the claims of the Tennessee Class Members.

114. Plaintiff Tencza is a member of the Tennessee Class, her claims are typical of the claims of other Tennessee Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Tennessee Class Members.

115. Plaintiff Tencza and her counsel will fairly and adequately represent the Tennessee Class Members and their interests.

116. Class certification is appropriate under FED R. CIV. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and

because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

117. Accordingly, the Tennessee Class should be certified as defined in Paragraph 102.

## VI.
## RELIEF SOUGHT

118. Plaintiff Tencza respectfully prays for judgment against American Airlines as follows:

   a. For an Order certifying the FLSA Collective as defined in ¶ 70;

   b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to § 16(b) of the FLSA finding American Airlines liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d. For an Order certifying the Tennessee Class as defined in ¶ 102, and designating Plaintiff Tencza as Representative of the Tennessee Class;

   e. For an Order pursuant to the Tennessee state law awarding Plaintiff Tencza and the Tennessee Class Members damages for unpaid wages and all other damages allowed by law;

   f. For an Order awarding the costs of this action;

   g. For an Order awarding attorneys' fees;

   h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   i. For an Order awarding Plaintiff Tencza a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of American Airlines, at American Airlines' expense (should discovery prove inadequate); and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 30, 2026

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
**Maureen Villarreal**
Texas Bar No. 24046891
Maureen@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and Putative Collective/Class Members*